No. 13-70003

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

Gilmar A. Guevara,
*Petitioner-Applicant,*

v.

Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division,
*Respondent*.

_____

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
Civ. Action No. 4:08-CV-01604

_____

**UNOPPOSED MOTION FOR LEAVE TO FILE
AMENDED APPLICATION FOR CERTIFICATE OF APPEALABILITY**

Thomas S. Berg
State Bar No. 02189200
Mallett Saper & Berg, LLP
600 Travis Street, Suite 1900
Houston, TX 77002
 (713) 236-1900 (t)
 (713) 228-0321 (f)
tomberg@mgscounsel.com

Lee Benjamin Kovarsky
State Bar No. 24053310
University of Maryland, Francis King
  Carey School of Law
500 West Baltimore Street, Room 436
Baltimore, MD 21201
(434) 466-8257 (t)
(410) 706-2184 (f)
lkovarsky@law.umaryland.edu

*Attorneys for Petitioner-Appellant*

May 31, 2013

**\*\*THIS IS A CAPITAL CASE\*\***

TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, OR ANY HONORABLE JUDGE THEREOF:

Applicant-Petitioner Gilmar Guevara hereby requests that this Court grant him leave to file an Amended Application for a Certificate of Appealability ("COA"). At the appropriate time, Mr. Guevara will move to file the Amended Application for COA in excess of the word limit specified by F.R.A.P. 32(a)(7)(B). The Director does not oppose leave to file the Amended Application and, provided the Amended Application is not more than 20,000 words, will not oppose leave to file it in excess of the F.R.A.P. 32(a)(7)(B) limit. Director Thaler is not opposed to this Court requiring that the Amended Application be due thirty (30) days after any order granting leave to file it issues.

Mr. Guevara so moves in order that this Court may fully consider the issues raised by the contingency expressly identified in Mr. Guevara's Original Application for COA: the implications, for this proceeding, of the Supreme Court's May 28, 2013 decision in *Trevino v. Thaler*, 2013 WL 2300805.[1] *Trevino* overruled *Ibarra v. Thaler*, 687 F.3d 222 (2012), the Fifth Circuit precedent upon which the district court relied when it denied relief on what the district court held to be a procedurally defaulted claim.[2] Rather than address the intervening Supreme

---

[1] On page 29, note 2 of the Original COA, Mr. Guevara explained: "No matter what happens in *Trevino*, this Court will require supplemental briefing on the *Martinez* issue, and Mr. Guevara intends to move for such briefing as soon as the Supreme Court issues its opinion in that case. Any further briefing before *Trevino* is decided would waste the time of the Court and the Parties."

[2] Although Director Thaler does not oppose leave to amend the Application, he does not agree

Court decision by way of Reply or through a Letter under F.R.A.P. 28(j), Mr. Guevara makes this Motion so that the Court may consider the issue in a normal briefing sequence and so that the Parties may integrate the discussion into their principal briefs.

## REASONS FOR GRANTING MOTION TO FILE
## AMENDED APPLICATION FOR CERTIFICATE OF APPEALABILITY

Mr. Guevara had an ineffective-assistance-of-counsel claim ("IAC claim") that the district court treated as procedurally defaulted. While the petition was pending in the district court, the Supreme Court decided *Martinez v. Ryan*, 566 U.S. 1 (2012). In *Martinez*, the Supreme Court held that a defaulted IAC claim may be excused if the inmate did not have adequate representation in the first proceeding available to litigate it—*viz.*, during state post-conviction review. In most jurisdictions, *Martinez* was invoked to excuse procedural defects in IAC claims defaulted during state post-conviction proceedings. The district court ordered briefing on the implications of *Martinez* for Mr. Guevara's IAC claim.

Shortly after the supplemental *Martinez* briefing, a Fifth Circuit panel decided *Ibarra*, which held that *Martinez* did not apply in Texas. *See Ibarra*, 683 F.3d at 227. The *Ibarra* court reasoned that Texas post-conviction review was not the first opportunity for Texas inmates to raise IAC claims. *See id.* At 224-27. The court held that, at least formally, Texas inmates could raise IAC claims using post-

---

that the district court relied on *Ibarra* or rejected the entire ineffective assistance claim as defaulted.

judgment motions and could litigate them on direct review of the conviction. *See id.* The district court then denied relief on the IAC claim under *Ibarra*, and did not reach the *Martinez* issues. USCA5 1305 n.4. *Trevino* overruled *Ibarra* by name. Any disposition of the IAC claim must now address *Martinez*.

Mr. Guevara moves for the relief requested herein so that the Parties may simply address, in the principal briefs, how *Martinez* and *Trevino* affect this COA proceeding. That presentation will be better for the Court and for the Parties. Among other things, Mr. Guevara will now argue, in light of *Trevino*: that a COA should issue as to Mr. Guevara's defaulted IAC claim, that the judgment below should be vacated, and that the case should be remanded to the district court for the proceedings necessary to find facts relevant to the disposition of *Martinez* issues. The Director will presumably oppose those positions on their merits. Despite the Director's opposition to any ultimate relief in the case, the Director does not oppose leave to file an Amended Application or leave for additional space to address *Martinez* and *Trevino*.

## CONCLUSION AND PRAYER FOR RELIEF

Mr. Guevara prays that this Court grant leave to file the Amended Application for a COA, and that Mr. Guevara be given thirty (30) days to file it, running from the date of any order granting the leave hereby requested.

May 31, 2013                                    Respectfully submitted,

3

|  |  |
|---|---|
|  | /s/ Lee B. Kovarsky |
| Thomas S. Berg | Lee Benjamin Kovarsky |
| State Bar No. 02189200 | State Bar No. 24053310 |
| Mallett Saper & Berg, LLP | University of Maryland, Francis King Carey School of Law |
| 600 Travis Street, Suite 1900 | |
| Houston, TX 77002 | 500 West Baltimore Street, Room 436 |
| (713) 236-1900 (t) | Baltimore, MD 21201 |
| (713) 228-0321 (f) | (434) 466-8257 (t) |
| tomberg@mgscounsel.com | (410) 706-2184 (f) |
|  | lkovarsky@law.umaryland.edu |

*Attorneys for Petitioner-Appellant*

## CERTIFICATE OF CONFERENCE

I hereby certify that, on May 30, 2013, I conferred with Ms. Katherine Hayes, counsel for Director Rick Thaler. She stated that Director Thaler does not oppose the leave to amend requested in this Motion.

/s/　　Lee B. Kovarsky
*Atttorney for Applicant-Petitioner*

## CERTIFICATE OF SERVICE

On May 31, undersigned counsel served via CM/ECF this Motion on the following counsel for the parties:

Ms. Katherine Hayes
Office of the Attorney General
300 W. 15th Street
Austin, Texas 78701

/s/ Lee B. Kovarsky
*Attorney for Petitioner-Applicant*